UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-04570-WLH-BFM | Date | June 18, 2026 |
|---|---|---|---|
| Title | ***Doraima Lopez v. Costco Wholesale Corporation, et al.*** | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Claudia Garcia-Marquez | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**   **(IN CHAMBERS) ORDER RE PLAINTIFF'S AMENDED MOTION TO REMAND [12]**

The Court is in receipt of Plaintiff Doraima Lopez's Amended Motion to Remand (the "Motion").  (Mot., Dkt. No. 12).  When filing this Motion, Plaintiff failed to comply with Local Rule 7-3, to which the Court expects strict adherence.  (*See* Opposition to Motion to Remand, Dkt. No. 16 at 6).  Rule 7-3 requires parties to meet and confer prior to filing a motion, and to certify their compliance with the Rule in the motion itself.[1] Plaintiff's counsel contends their Rule 7-3 obligations were fulfilled by their last-minute attempt to schedule a meet and confer for the first time on May 20, 2026—just two days prior to Plaintiff's deadline under 28 U.S.C. § 1447(c) to file the instant Motion.  (*See* Reply in Support of Motion to Remand, Dkt. No. 23 at 3).  Unsurprisingly, Defendants'

---

[1] *See* Local Rule 7-3 (requiring "counsel contemplating the filing of any motion" to "first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution.  The conference must take place at least 7 days prior to the filing of the motion.  If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on (date).'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

counsel were unable to schedule a discussion within that narrow 48-hour window. (*See id.*).

The Court finds Plaintiff's counsel's efforts—half-baked and at the eleventh hour—insufficient to comply with Rule 7-3. Not only is Plaintiff's counsel's delay in seeking a meet-and-confer unjustified, their attempt to characterize such non-compliance as the consequence of Defendants' "scheduling constraints" finds no sympathy from the Court. Defendants' counsel are not at Plaintiff's counsel's beck and call—and they should not be faulted for the opposing side's dilatory conduct.

For that reason, the Court **ORDERS** Plaintiff's Motion stricken. *See, e.g., Hand & Nail Harmony, Inc. v. ABC Nail and Spa Prods.*, No. SA CV 16-069-DOC-JEM, 2016 WL 9223783, at *2 (C.D. Cal. August 8, 2016) ("The Court may, in its discretion, refuse to consider a motion for failure to comply with Local Rule 7-3."). The hearing calendared for July 14, 2026, is **VACATED**, and the matter taken off calendar. Because Plaintiff's 30-day window for moving to remand this action has now expired under 28 U.S.C. § 1447(c), the Court will not entertain future motions related to the propriety of removal unless they concern the Court's subject matter jurisdiction.

**IT IS SO ORDERED.**