UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORAIMA LOPEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation; COSTCO WHOLESALE MEMBERSHIP, INC., a California Corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:26-cv-04570-WLH-BFM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [31]** |

Before the Court is Plaintiff Doraima Lopez's Motion to Remand (Dkt. No. 31). For the reasons below, Lopez's Motion to Remand is **DENIED**.

## I. BACKGROUND

On November 13, 2025, Lopez, a resident of California, filed this action in Los Angeles Superior Court against Defendants Costco Wholesale Corporation ("Costco Corporation"), a Washington corporation, Costco Wholesale Membership, Inc. ("Membership"), a California Corporation, and Does 1 through 50. (Compl., Dkt. No. 3, Ex. A-1, ¶¶ 1-2). Lopez alleges that on January 27, 2024, she slipped, fell and sustained injuries due to a liquid substance on the floor of a Costco store in

Inglewood, California ("Subject Premises"). (*Id.* ¶¶ 7 – 8). She brings one claim for negligence against all Defendants. (*See id.* at 3.) Lopez's negligence claim is based on a theory of premises liability. (*See id.* ¶ 80 ("Defendants, and each of them, owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised a COSTCO store located at 3560 West Century Boulevard, Inglewood, California . . . As a result of the acts and/or omissions of the Defendants, and each of them, as hereinafter alleged, Plaintiff was caused to fall due to a liquid substance that was allowed to remain on the floor of the Subject Premises, thereby causing Plaintiff to sustain the injuries and damages complained of herein")).

Defendants removed the case on April 29, 2026, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Notice of Removal, Dkt. No. 1 at 2). In its Notice of Removal, Defendants claimed that they had only recently ascertained Plaintiff's citizenship, the amount in controversy, and that Plaintiff had fraudulently joined Membership. (*Id.* ¶¶ 5). In support of their Notice of Removal, Defendants submitted, among other documents, Plaintiff's responses to Defendant's Form Interrogatories, Set One ("Plaintiff's Response to Form Interrogatories") and Special Interrogatories, Set One ("Plaintiff's Response to the Special Interrogatories") (together, "Plaintiff's Responses to the Interrogatories"). (Pl.'s Response to Form Interrogatories, Dkt. 3, Ex. B; Pl.'s Response to Special Interrogatories, Dkt. 3, Ex. C).

On July 9, 2026, Lopez filed the instant Motion to Remand, arguing that Defendants have not carried their burden to show that the Court has diversity jurisdiction over this action. (*See generally* Mot. to Remand). With its Opposition to the Motion to Remand, Defendants submit an amended declaration by Carlos Gonzalez, the Warehouse Manager of the subject premises, who declared based on personal knowledge that Membership: "is in business solely to collect membership fees"; "does not own, lease, operate, direct or manage" the subject premises; "does not

engage in purchases, sales, or operations" at the subject premises; "has no role or authority to maintain, inspect, or clean" the subject premises "or direct, supervise, manage, operate, or control the Costco employees at the [subject premises] who perform those tasks"; "does not establish or maintain floor-walk/safety inspections or cleaning schedules" for the subject premises; and "does not train Costco's employees at the [subject premises] to perform those tasks." (Decl. of Carlos Gonzalez ("Gonzalez Declaration"), Dkt. 33-1, ¶¶ 6 - 11).

Plaintiff challenges the removal of the action to this Court and demands remand, arguing that (1) Plaintiff states a viable premises liability claim against Membership, and (2) complete diversity is absent because Membership is a California citizen, and thus this Court does not have subject matter jurisdiction. (Mot. to Remand at 7). Plaintiff additionally claims that the Gonzalez Declaration lacks foundation and therefore cannot adequately demonstrate that Membership is a fraudulently joined party. (*Id.* at 10).

## II. BACKGROUND

A Plaintiff may remand an action from federal court to state court if the federal court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1332, a district court has such jurisdiction over a civil action where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (2) the dispute is between "citizens of different States." Courts strictly construe the removal statutes, rejecting removal jurisdiction in favor of remand to the state court if any doubts as to the right of removal exist. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012). "[F]ederal court[s] must find that a defendant was properly joined and remand the case to state court if there is a possibility that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants") (cleaned up).

Fraudulently joined defendants "will not defeat removal on diversity grounds." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "If the plaintiff

fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987). Where fraudulent joinder is an issue, courts may look beyond the pleadings as "[t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. For example, in deciding a motion for remand, district courts may consider a Plaintiff's interrogatory answers relating to subject matter jurisdiction. *Kroske v. United States Bank Corp.* 432 F.3d 976, 980 (9th Cir. 2005).

## III. DISCUSSION

As a threshold matter, the Court deems the Notice of Removal to be timely. Under 28 U.S.C. § 1446(b)(3), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Here, Defendants claim that they first ascertained that the case is removable on March 30, 2026, when Plaintiff served her responses to Defendant's Form and Special Interrogatories. (Not. of Removal ¶ 5). The Proofs of Service for Plaintiff's Responses to the Interrogatories confirm that Defendants were served the responses on March 30, 2026. (Pl.'s Response to Form Interrogatories at Ex. B; Pl.'s Response to Special Interrogatories at Ex. C). Plaintiff's Responses to the Interrogatories revealed, for the first time, that (1) Plaintiff is a citizen of California (Pl.'s Response to Form Interrogatories, No. 2.5), (2) Plaintiff alleges damages in excess of $75,000 (Pl.'s Response to Special Interrogatories No. 33), and (3) Membership is a sham defendant because Plaintiff cannot sufficiently plead their negligence cause of action against Membership. (Not. of Removal ¶ 5). Defendants removed the case to this Court within 30 days of receipt of Plaintiff's Responses to the Interrogatories, on April 29, 2026. (*See* Not. of Removal). Plaintiff does not dispute that Defendants filed a timely Notice of

Removal, and Defendants have submitted Plaintiff's Responses to the Interrogatories to support their timely removal.

Having found that removal was timely, the Court now turns to the substance of the Motion to Remand and finds that remand is inappropriate because Plaintiff cannot maintain a negligence cause of action against Membership. Plaintiff contends that she stated viable negligence claim because her Complaint alleges that both Costco Defendants "owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised" the Subject Premises. (Compl. ¶ 7). These conclusory allegations are insufficient to plausibly establish the elements of a cause of action for negligence against Membership.

"The elements of a cause of action for negligence [in California] are well established. They are (a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. County of San Mateo* 12 Cal.4th 913, 917 (1996) (cleaned up). Plaintiff's conclusory allegations that Membership owed Plaintiff a duty of care that they breached and that the breach caused Plaintiff harm does not suffice. Specifically, Plaintiff does not allege any facts to support their conclusion that Membership "owned, leased, rented, occupied, possessed, designed, constructed, developed, landscaped, operated, inspected, repaired, maintained, modified, managed, controlled and/or supervised," (Compl. ¶ 80), the Subject Premises such that Membership owed Plaintiff a duty of care.

On the basis of the Complaint alone, this Court could conclude that no cause of action had been stated against Membership, as courts "are not bound to accept as true a legal conclusion couched as a faction allegation." *Bell Atlantic v. Twombly* 550 U.S. 544, 555 (2007). The Motion to Remand regurgitates the conclusory allegation that Membership "owns, leases, occupies, or controls the property" without adding any support to this claim. (Mot. to Remand at 7).

Plaintiff's Responses to the Interrogatories confirm that Plaintiff cannot adequately plead a cause of action of negligence against Membership. Most tellingly, in Plaintiff's Responses to the Interrogatories, Plaintiff refused to provide more detail as to her claim that Membership owned, operated, maintained, controlled, managed, or was otherwise responsible for the subject premises, instead stating that she "does not currently have sufficient information to fully respond." (Pl.'s Responses to Special Interrogatories Nos. 58, 61, 64, 67, 70, and 73). As a result, Plaintiff fails to state a claim for negligence against Membership because she fails to establish the requisite element of a duty of care. Furthermore, Plaintiff's Responses to the Interrogatories confirm that, even upon amendment of her claim, she would not be able to add additional allegations to properly state a claim against Membership, as she has no further information. Accordingly, there is no possibility that a state court would find that Plaintiff has stated a cause of action against Membership, and thus "the joinder of the resident defendant is fraudulent." *See McCabe* 811 F.2d at 1339. As such, Membership's joinder does not defeat removal on diversity grounds, *see Ritchey* 139 F.3d at 1318.

Remand is additionally inappropriate because the Gonzalez Declaration negates the possibility that Membership could have proximately caused Plaintiff's injuries. Plaintiff attempts to rebut the Gonzalez Declaration, but none of her rebuttals actually contradict the Gonzalez Declaration. First, Plaintiff argues that the Gonzalez Declaration's claim that Membership exists "solely to collect membership fees" is contradicted by both its Articles of Incorporation, which states that Membership's purpose "is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of California, and by its Statement of Information, which lists "Membership Services," and not "fee collection," as Membership's "business type." (Mot. to Remand at 8 - 9). Plaintiff's arguments are unconvincing. The Gonzalez Declaration asserts that Membership's purpose is more limited than Membership's state filings. The plain language of both Membership's

Articles of Incorporation and its Statement of Information does not exclude or contradict the Gonzalez Declaration. If anything, the Gonzalez Declaration adds specificity to the state filings that Plaintiff cites.

Similarly, Plaintiff's argument that Membership's Statement of Information lists an office in San Diego does not contradict the Gonzalez Declaration's claim that Membership Employees do not exert any control or share responsibility over the Subject Premises. This argument seems to conflate Membership's citizenship, which is undisputed to be in California, with potential liability.

Finally, Plaintiff argues that the Gonzalez Declaration "contains no foundation establishing how a warehouse manager in Inglewood would have personal knowledge of a separately incorporated subsidiary's national employee locations, its corporate purpose, or the full scope of its business activities across all of Costco's operations." (Mot. to Remand at 10). A declarant can sufficiently demonstrate personal knowledge by describing their employment duties if the corporate practices to which the declarant testifies are ones in which the declarant manages in the ordinary course of their employment duties. *See, e.g., Wright v. Sirius XM Radio Inc.*, No. SACV 16–01688 JVS (JCGX), 2017 WL 4676580, at *2 (C.D. Cal. June 1, 2017) (similarly finding proper foundation for a company vice president who "manages various customer-retention programs, including those dealing with third-party vendors' communications to subscribers" to testify as to the "procedures for mailing and emailing subscribers"); *Jones v. Tween Brands, Inc.*, No. CV 14-1631 ODW, 2014 WL 1607636, at *2 (C.D. Cal. Apr. 22, 2014) (finding a declaration from defendant's Vice President of Human Resources regarding the number and average wages of putative class members laid proper foundation as it was "information that one would expect someone in [the declarant]'s position, as a head of human resources, to have"); *cf. Richards v. Now, LLC*, No. 218CV10152SVWMRW, 2019 WL 2026895, at *8 (C.D. Cal. May 8, 2019) ("[declarant]'s role with [defendant] does not appear to be a managerial one. . . [such that] [the declarant] would be expected to have all of the same information [regarding

the number and average wages of putative class members] during the normal course of employment in her role as a 'Staff Accountant.'). Here, Declarant Gonzalez is the manager of the very Subject Premises that Plaintiff's injury occurred, and his duties include overseeing all "operations [and] hiring and managing the employees" at the Subject Premises. (Gonzalez Declaration ¶ 3). The facts declared by Gonzalez are the type of "information that one would expect someone in [the declarant's managerial] position. . . to have." *Jones* 2014 WL 1607636, at *2. Foundation is thus proper for Gonzalez's Declaration stating that Membership is not at all involved with the operations or employee management at the Subject Premises, because Gonzalez is himself responsible for operational and employee management at the Subject Premises.

Because Plaintiff's arguments do not effectively rebut the statements in the Gonzalez Declaration, the facts in this instant case are indistinguishable from other slip and fall lawsuits against Costco Corporation in this district where the Court found Membership to be sham defendant on a Motion for Remand. *See, e.g., Navarro v. Costco Wholesale Corporation*, 2020 WL 2521270 at *3 (C.D. Cal. May 18, 2020) ("Plaintiff has not stated any facts that establish that Membership is liable under a premises liability theory. In fact, Defendant Wholesale has refuted each of the vague allegations Plaintiff has advanced in support of its argument that Membership is liable under a premises liability theory, namely that Membership 'owned, maintained, controlled, leased, operated, and/or possessed the' premises at issue. Wholesale has shown, through a declaration . . . that Wholesale and Membership are separate corporate entities and that 'Membership does not operate the Subject Premises" or 'employ ANY persons at the Subject Premises,' nor does Membership 'own, lease, operate or manage the Subject Premises'") (cleaned up); *Holliday v. Costco Wholesale Corporation*, 2020 WL 1638607, at *2 (C.D. Cal. Apr. 2, 2020) ("Plaintiff has failed to allege any facts that show [Membership] could be responsible for her slip-and-fall injury. Accepting Plaintiff's factual allegations as true and considering Costco's

evidence, [Membership] does not maintain any control over the premises where the alleged injury occurred… [or otherwise] contribut[e] to the events that occur within the store"). Furthermore, the facts provided by Defendants confirm that "there is no amendment Plaintiff could make to establish a claim for premises liability against Membership." *Id.* There is no possibility that a state court would find in this case that Membership could have proximately caused Plaintiff's injuries at the Subject Premises. Thus, the joinder of the resident defendant is fraudulent, Membership's joinder does not defeat removal on diversity grounds, and remand is inappropriate.

In sum, Defendants have shown that Plaintiff is unable "to establish a cause of action against the non-diverse party in state court," *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009), and therefore that the joinder of Membership was fraudulent. As Membership was improperly joined and there exists complete diversity between the parties, this Court has subject matter jurisdiction. Plaintiff's Motion to Remand is therefore **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Lopez's Motion to Remand.

**IT IS SO ORDERED.**

Dated: September 11, 2026

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE